FIRST NATIONAL BANK of Flandreau, Respondent, v. DAHL, et al, Appellants.

(226 N. W. 567.)

(File No. 6500. Opinion filed August 3, 1929.)

*Owen & Hareid,* of Sioux Falls, for Appellant.

*Warren & Lloyd,* of Flandreau, for Respondent.

POLLEY, J. This action was brought to recover possession of certain property for the purpose of foreclosing a chattel mortgage thereon. Verdict and judgment were for plaintiff, and defendant John I. Dahl appeals.

This action as originally brought was against John I. Dahl and Palmer T. Dahl, as defendants. Palmer T. Dahl disclaimed any interest in the property and took no part in the case until after the trial. After the trial, John I. Dahl died, and Palmer T. Dahl was appointed administrator of his estate, and is now prosecuting this appeal in his representative capacity only. The property involved consists of a small frame building situated on a farm then owned by defendant John I. Dahl, and certain machinery therein used as a rendering plant. The said farm was occupied by Palmer T. Dahl as a tenant under a lease from John I. Dahl. The building and machinery therein were placed on said premises by Palmer T. Dahl during his tenancy and by him mortgaged to plaintiff. When he moved upon the premises, the building was placed upon posts and brick, but later on it was put upon a concrete foundation, and a concrete floor placed therein, and the machinery was securely fastened to the floor by means of screws and bolts. The mortgage was executed on the 11th day of October, 1920, but was not filed in the office of register of deeds until the 18th day of January, 1921. Palmer T. Dahl's lease expired on the 1st of March, 1921, after which time he made no further claim to the mortgaged property.

John I. Dahl answered separately, and as his only defense pleaded that the concrete floor and foundation had been placed under the building prior to the execution of the mortgage; that the building then constituted a part of the realty and could not be removed without considerable damage to the building and real property and was not personal property. Whether the mortgaged property was or was not personal property at the time of the filing of the chattel mortgage was the only issue tendered by the answer, and upon this issue the court charged the jury as follows:

"The question for you to decide is whether or not the property described in this chattel mortgage was or was not a fixture and a part of the realty of this farm on the 18th day of January, 1921. If you find that this property on that date was a fixture as I will hereafter define it to you, then your verdict in this case should be for the defendants. If you find that on that date this property or any or all of it was not a fixture then your verdict should be for the plaintiffs with regard to that property which you find was not a fixture on that date, either any or all of it, if you find any or all

of it was not a fixture. Gentlemen, as I have said, the whole question to be determined by you is this: whether or not this property or any part of it was a fixture and a part of the realty of John I. Dahl on the 18th day of January, 1921. This question of whether or not it is a fixture is a question for the jury."

The testimony upon this issue was sharply conflicting, and the verdict of the jury is final.

The judgment and order appealed from are affirmed.

MISER, C., sitting in lieu of CAMPBELL, J., absent.

SHERWOOD, P. J., and BURCH, BROWN, and MISER, JJ., concur.